MELISSA HOLYOAK, First Assistant United States Attorney (#9832)
JOEY BLANCH, Assistant United States Attorney (# 16665)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone:  (801)524-5682

_____

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> Luis Alberto Salguero <br><br> Defendant. | **UNITED STATES' POSITION REGARDING DETENTION** <br><br><br> Case No. 2:26-cr-00154-RJS |

☐    The United States is not seeking detention.

☐    Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☒    The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☒  Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

    ☒  **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of

10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☒ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(A)** a serious risk the defendant will flee; **or**
☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

## Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days.  18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained.  *Id*.  The rules concerning the admissibility of evidence do not apply at the detention hearing.  *Id*.  The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

2

**Rebuttable Presumption**

☒  A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption.  The United States acknowledges that it retains the burden of persuasion.  The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☒  Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☒ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device.  (18 U.S.C. § 3142(g)(1)).

☒  The weight of evidence against the defendant.  (18 U.S.C. § 3142(g)(2)).

☒  The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings.  (18 U.S.C. § 3142(g)(3)(A)).

☐  Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.  (18 U.S.C. § 3142(g)(3)(B)).

☒  The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release.  (18 U.S.C. § 3142(g)(4)).

☒  The defendant's lack of legal status in the United States.  The defendant's legal status is: There is an order of removal pending against him.

☒  How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐  The defendant's significant family or other ties outside of the United States.

☐  The defendant's use of aliases or false documents.

☐  The defendant's prior attempts to evade law enforcement.

☐  How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐  The defendant's prior failures to appear for court proceedings.

☒  Other reasons including:

Defendant is a registered sex offender stemming from multiple 2013 convictions involving sex with three different minor victims (discussed below).  Now, more than ten years later, defendant was found bringing child pornography into the United States in a hidden folder on his cellphone.

On September 06, 2025, defendant was returning home to Utah from a trip to Europe. He

was pulled into secondary screening and a border search was conducted on his phone. Child pornography depicting minor girls, nude and exposing their genitals, was found in a hidden file. Post Miranda, defendant admitted his criminal history and that he was a registered sex offender, and that the phone was his and no one else had used it. He described the image on the screen saver (this was not child pornography, it just confirmed they were talking about the same phone). Defendant declined to answer questions about child pornography.

A state search warrant was obtained for defendant's phone, and a forensic exam was conducted. Over a thousand images and videos of child pornography were found, and thousands more images were found that were either difficult to determine if the subject was a minor or that were child exploitative but did not meet the legal definition of child pornography.  The report also indicated that after finding over a thousand images/videos of child pornography, they stopped tagging and counting images.

Defendant is a registered sex offender stemming from multiple convictions in 2013 involving multiple teenage victims.  During that investigation, defendant admitted to posing as a minor online in order to entice minor teenage girls to have sex with him. The investigation began in February 2013, when officers in Riverdale City (Weber County, Utah) responded to a report of a suspicious vehicle.  Defendant was the driver of the vehicle. Officers learned from defendant that he was trying to meet up with a 13-year-old girl in Riverdale for sex (Victim 1). Defendant further informed officers that he had already had sex with a minor girl in Roy (Victim 2) and another in Salt Lake City (Victim 3). On his phone, a fourth victim was identified (Victim 4).

No charges were brought related to Victim 1, as defendant was arrested before he the meeting took place.

Regarding Victim 2, defendant admitted that he had "screwed up pretty bad" by creating a fake profile on Meetme to try to meet up with minor girls. He was 27, but he created the fake profile claiming to be 15. Defendant admitted that he met the 15-year-old Victim 2 using this fake profile; they communicated via MeetMe and Kik. He picked her up in Roy, drove to a church, and had sex with her in the parking lot before driving her back to her residence. Defendant gave detectives Victim 2's name, allowing her to be identified.  He drove with the detective to Roy to show him the location of these events. He showed the police where the offense occurred and informed them that the condom he used would be in the parking lot. A condom was found. This resulted in charges being brought in *State v. Salguero*, Case 13190043 (Weber County).

Regarding Victim 3, she was identified as a 15-yo girl in Salt Lake County. She said that she met defendant online in February 2013. Defendant's online profile said that he was 15 years old, and they exchanged text messages. In these messages, he told her

that he was actually 17, not 15 (in fact, he was 27 years old). On February 25, 2013, defendant came to her residence in Salt Lake County. She walked with him to his car, parked about a block away, and they had sex in the car. This resulted in charges being brought in *State v. Salguero*, Case 131902095 (Salt Lake County).

Regarding Victim 4, defendant's phone contained messages between defendant and another minor girl. In these chats, defendant and Victim 4 discussed Victim 4's age and what school she went to. Defendant lied in these conversations, claiming he was a minor and a Utah high school student. On defendant's phone was a photograph of Victim 4 nude, along with a picture of defendant's erect penis that he sent to Victim 4. The detective identified the victim as a 15-year-old girl in junior high in Weber County. This resulted in multiple charges being brought, including charges that defendant had sex with Victim 4, in *State v. Salguero*, Case 131900936 (Weber County).

The cases were filed in May, 2013. Defendant did not appear for his initial appearance; a warrant was issued for his arrest and he was charged with bail jumping in *State v. Salguero*, Case 141900044 (Weber County).  It is not clear from the public record exactly what happened, but defendant didn't appear on the case until December 2013, by video. (It appears he was arrested in another state and had to be extradited, because when defendant's probation was terminated, the docket indicated that he owed over $2800 in restitution to the state in extradition fees.)

The three Weber County cases (Victim 2, Victim 4, and Bail Jumping) were resolved as part of a global agreement in which defendant was convicted of Unlawful Sexual Activity with a Minor (UCA 76-5-401) and Enticement (UCA 76-4-401) related to Victim 2, and Sexual Exploitation of a Minor (UCA 76-5B-201), Enticement (UCA 76-4-401), and Dealing in Materials Harmful to Minors (UCA 76-101206(1) relating to Victim 4.  The bail jumping case was dismissed.  Separately, defendant was also convicted in Salt Lake County by plea agreement of Attempted Unlawful Sexual Activity with a Minor related to Victim 3.

///

Defendant is a repeat offender with respect to sexual offenses against minor girls.  While this was in 2013, more than 10 years later his sexual interest in children remains unabated; as a registered sex offender, he was caught with child pornography.  He clearly understood this material was illegal, as it was contained in a hidden folder on his phone.  There are no conditions or combination of conditions that can assure the safety of the community or defendant's appearance in court proceedings.  He should be detained pending trial.

☐  The victim(s) in this matter seek(s) a no contact order.

☒  There are no victims yet identified in this case.

DATED this 1st day of June, 2026.

MELISSA HOLYOAK
UNITED STATES ATTORNEY


_/S/ Joey Blanch_____
JOEY L. BLANCH
Assistant United States Attorney